# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

DENNIS H. CROWE,                          )    CIVIL ACTION NO. 9:13-2391-DCN-BM
a/k/a Dennis Harold Crowe, Jr.,           )
       #303350,                    )
                                  )
               Petitioner,           )
                                  )
v.                                        )    **REPORT AND RECOMMENDATION**
                                  )
LARRY CARTLEDGE, WARDEN,                   )
                                  )
              Respondent.          )
_____)

        Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ

of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed <u>pro se</u> on August 29, 2013.[1]

        The Respondent filed a return and motion for summary judgment pursuant to Rule 56,

Fed.R.Civ.P., on February 21, 2013. As the Petitioner is proceeding <u>pro se</u>, a <u>Roseboro</u> order was

entered by the Court on February 25, 2013, advising Petitioner of the importance of a motion for

summary judgment and of the necessity for him to file an adequate response. Petitioner was

specifically advised that if he failed to respond adequately, the Respondent's motion may be granted,

thereby ending his case. Petitioner filed a memorandum in opposition to summary judgment on

March 24, 2013. This matter is now before the Court for disposition.[2]

---

        [1]Filing date per <u>Houston v. Lack</u>, 487 U.S. 266, 270-276 (1988).

        [2]This case was automatically referred to the undersigned United States Magistrate Judge for
all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local
Rule 73.02(B)(2)(c) and (e), D.S.C. The Respondent has filed a motion for summary judgment. As
(continued...)



**Procedural History**

      Petitioner was indicted in the October 2003 term of the Oconee County Grand Jury for the murder of Roberta Flora Davis and the murder of Lester Cobb. [Indictment Nos. 03-GS-37-1154 & 03-GS-37-1155]. See Court Docket No. 28-2, pp. 1-4. Petitioner was represented by Kurt Tavernier, Esquire, and Gruber Sires, Esquire. After a trial by jury for the murder of Ms. Davis on July 2, 2004, Petitioner was convicted as charged and sentenced to forty-seven (47) years. See Court Docket No. 28-5, p. 1.[3] On November 17, 2004, the State served notice of intent to seek the death penalty in the murder of Lester Cobb, with Petitioner's prior murder conviction being noticed as an aggravating circumstance to be presented at sentencing. (R.p. 3); see Court Docket Nos. 28-3; 28-4.

      The Davis murder conviction was affirmed on appeal. (R.p. 53). However, the conviction was reversed in post-conviction relief upon a finding of ineffective assistance of trial counsel, in that counsel was not prepared to try the Davis case.[4] (R.pp. 52-54); see also Court Docket No. 28-5. On July 27, 2009, after negotiations with the State, Petitioner pled guilty to two manslaughter charges and received a recommendation of a maximum sentence of 30 years from the State. (R.pp. 3-5). Petitioner was thereafter sentenced to thirty (30) years on each count of manslaughter, concurrent, as negotiated. (R.pp. 1-19). Petitioner did not appeal his plea and/or sentences.

---

[2](...continued)
this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

    [3]The transcript for this proceeding has not been filed with the Court.

    [4]The record reflects that although the former solicitor informed Mr. Tavernier that she was going to proceed on the Lester Cobb case first, at the last minute she chose to proceed on the Davis case instead, even though Mr. Tavernier testified that he was very clear that he was not prepared to go forward with the Davis trial. (R.pp. 52-54).



Petitioner then filed an Application for Post Conviction Relief ("APCR") in state circuit court on December 14, 2009. Crowe v. State of South Carolina, No. 2009-CP-37-1504. (R.pp. 21-36). Petitioner raised the following issues in his APCR:

**Ground One:** Ineffective assistance of counsel;

**Ground Two:** Due Process;

**Ground Three:** Newly discovered evidence;

**Ground Two:** Prosecutorial Misconduct.

(R.pp. 23, 30-34).[5]

Petitioner was represented in his APCR by Rodney Richey, Esquire, and an evidentiary hearing was held on October 4, 2010. (R.pp. 46-85). The PCR judge denied relief at the conclusion of the hearing, stating that a written order would follow. (R.pp. 81-85). On December 15, 2010 (filed on January 6, 2011), the PCR Judge entered a written order denying Petitioner's APCR in its entirety. (R.pp. 86-94).

Petitioner appealed the denial of his APCR, and was represented in his appeal by Wanda H. Carter, Deputy Chief Appellate Defender with the South Carolina Commission on Indigent Defense, who raised the following issues:

**Ground One:** Trial counsel erred in allowing petitioner to plead guilty to voluntary manslaughter charges because the state had insufficient proof beyond a reasonable doubt to convict him on the same had he elected to be tried by jury in the cases.

---

[5]Although Petitioner also filed a pro se supplemental memorandum on August 5, 2010; (R.pp. 42-45); Respondent questions whether this memorandum was considered by the PCR court since Petitioner was represented by counsel and no reference is made to this document in the hearing transcript or the PCR court's order. See Miller v. State, 697 S.E.2d 527 (S.C. 2010)[Holding that "[s]ince there is no right to 'hybrid representation' that is partially pro se and partially by counsel, substantive documents, with the exception of motions to relieve counsel, filed pro se by a person represented by counsel are not to be accepted unless submitted by counsel."].



**Ground Two:** The PCR judge erred in denying petitioner's allegation that his pleas were invalid and unconstitutional because they were conditional pleas as his jailed uncle was supposed to have been released on a medical furlough in exchange for his guilty pleas.

See Court Docket No. 28-6, p. 3.

The South Carolina Court of Appeals denied certiorari on June 11, 2013. See Crowe v. State, Order dated June 11, 2013. See Court Docket No. 28-8. The Remittitur was sent down on July 1, 2013.

See Remittitur (dated July 1, 2013). See Court Docket No. 28-9.

Petitioner then filed this federal habeas corpus petition, raising the following issues:

**Ground One**: Ineffective Assistance of Counsel in violation of the U.S. Constitution, Amendment VI.

**Supporting Facts**: Counsel was ineffective in that his representation fell below level of reasonableness and professional norms expected of attorneys because counsel: (1) failed to conduct reasonable investigations; (2) despite lack of evidence, attorney counseled Petitioner to plead guilty; and (3) counsel failed to reduce to writing and/or enforce negotiated plea offer by solicitor regarding his confiscated property and his incarcerated uncle's medical furlough release.

**Ground Two:** Oconee County Solicitor committed prosecutorial misconduct in violation of U.S. Constitution, Amendment, XIV, § 1.

**Supporting Facts**: Oconee County solicitor's office induced Petitioner's guilty plea through the false promise of (1) obtaining and granting Petitioner's incarcerated uncle a medical furlough, and (2) returning Petitioner's property confiscated by law enforcement, and then failed to keep their agreement. Petitioner would not have pled guilty without agreement.

See Petition, pp. 6-7.

## Discussion

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter



of law." Rule 56(c), Fed.R.Civ.P; <u>see</u> Habeas Corpus Rules 5-7, 11. Further, while the federal court is charged with liberally construing pleadings filed by a <u>pro se</u> litigant to allow the development of a potentially meritorious case; <u>See</u> <u>Cruz v. Beto</u>, 405 U.S. 319 (1972), and <u>Haines v. Kerner</u>, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. <u>Weller v. Dep't of Social Services</u>, 901 F.2d 387 (4th Cir. 1990).

## I.

Initially, it is readily apparent that the issues Petitioner raises in his federal habeas Petition were not properly presented and exhausted in his state court proceedings. Specifically, the allegations raised in Ground One of the Petition were not previously properly raised and exhausted in his state court proceedings: 1) trial counsel failed to conduct reasonable investigations [was raised in Petitioner's APCR, but not in his appeal]; 2) despite lack of evidence, attorney counseled Petitioner to plead guilty [was raised in Petitioner's <u>pro se</u> supplemental brief and Petitioner's PCR appeal, but was not addressed in the PCR court's order]; and 3) trial counsel failed to reduce to writing and/or enforce negotiated plea offer by solicitor regarding his confiscated property and his incarcerated uncle's medical furlough release [was not raised as an ineffective assistance of counsel claim in his PCR proceedings]. With regard to Ground Two, although Petitioner mentioned prosecutorial misconduct in his application and as a potential issue at the beginning of his PCR hearing [R.pp. 32-33, 87], there are no findings in the PCR court's order regarding prosecutorial misconduct; (R.pp. 88-94); and the PCR Judge specifically found that Petitioner affirmatively waived any remaining allegations in his application at the PCR hearing by his failure to address them



at his hearing.  (R.p. 93).

        With regard to Ground One subpart 2 and Ground Two, neither of which were addressed in the PCR court's order, Respondent is correct that Petitioner's failure to file a motion for the PCR court to reconsider its order denying his APCR in an effort to have the PCR Court address these issues constitutes a default of these claims.[6] With regard to Ground One subpart 1, Petitioner did not pursue that issue in his PCR appeal, and with regard to Ground One subpart 3, that issue was never raised in Petitioner's PCR proceedings.[7]  Accordingly, these issues were also not properly

---

[6]A motion for the PCR court to reconsider its order denying his APCR was necessary with regard to Ground One subpart two and Ground Two if Petitioner wanted to assert or preserve these issues.  Al-Shabazz v. State, 527 S.E.2d 742, 747 (S.C. 2000)[A "party must timely file a Rule 59(e), SCRCP, motion to preserve for review any issues not ruled upon by the court in its order."] (citing Pruitt v. State, 423 S.E.2d 127, 128 n. 2 (S.C. 1992)[issue must be raised and ruled on by the PCR judge in order to be preserved for review]; Marlar v. State, 653 S.E.2d 266, 267 (S.C. 2007)["Because respondent did not make a Rule 59(e) motion asking the PCR judge to make specific findings of fact and conclusions of law on his allegations, the issues were not preserved for appellate review . . . ."]; Humbert v. State, 548 S.E.2d 862, 865 (S.C. 2001); Plyler v. State, 424 S.E.2d 477, 478-480 (S.C. 1992)[issue must be both raised to and ruled upon by PCR judge to be preserved for appellate review]; see also Rule 59(e), SCRCP [providing avenue for any party to move to alter or amend a judgment if they believe necessary matters not addressed in original order]; Primus v. Padula, 555 F.Supp.2d 596, 611 (D.S.C. 2008); Smith v. Warden of Broad River Correctional Inst., No. 07-327, 2008 WL 906697 at * 1 n. 1 (D.S.C. Mar. 31, 2008); McCullough v. Bazzle, No. 06-1299, 2007 WL 949600 at * 3 (D.S.C. Mar. 27, 2007)(citing Al-Shabazz, 577 S.E.2d at 747).  While The Fourth Circuit has held that, prior to the decision of the South Carolina Supreme Court in Marlar, South Carolina courts had not consistently applied the procedural bar based on a PCR applicant's failure to file a Rule 59(e) motion; see Bostick v. Stevenson, 589 F.3d 160, 164-165 (4th Cir. 2009); here, the PCR court's order was filed on January 6, 2011, well after the South Carolina Supreme Court's decision in Marlar in November of 2007.  Marlar, 653 SE.2d 266.  Therefore, Petitioner's failure to file a Rule 59(e) motion regarding Ground One subpart two and Ground Two bars these claims.  See Marlar v. Warden, Tyger River Correctional Institution, 432 Fed.Appx. 182, 186-188 (4th Cir. May 25, 2011).

[7]See Joseph v. Angelone, 184 F.3d 320, 328 (4th Cir. 1999), cert. denied, 528 U.S. 959 (1999)["In order to avoid procedural default, the 'substance' of [the] claim must have been 'fairly presented' in state court . . . . That requires 'the ground relied upon [to] be presented face-up and squarely.  Oblique references which hint that a theory may be lurking in the woodwork will not turn

                                                        (continued...)



preserved in Petitioner's APCR and lower state court proceedings. See Cudd v. Ozmint, No. 08-2421, 2009 WL 3157305 at * 3 (D.S.C. Sept. 25, 2009)[Finding that where Petitioner attempted to raise an issue in his PCR appeal, the issue was procedurally barred where the PCR court had not ruled on the issue and Petitioner's motion to alter or amend did not include any request for a ruling in regard to the issue]; White v. Burtt, No. 06-906, 2007 WL 709001 at *1 & *8 (D.S.C. Mar. 5, 2007)(citing Pruitt v. State, 423 S.E.2d 127, 127-128 (S.C. 1992)[issue must be raised to and ruled on by the PCR judge in order to be preserved for review]); State v. Dunbar, 587 S.E.2d at 693-694 ["In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial judge. Issues not raised and ruled upon in the trial court will not be considered on appeal."]; cf. Miller v. Padula, No. 07-3149, 2008 WL 1826495 at **1-2 & **9-10 (D.S.C. Apr. 23, 2008); Sullivan v. Padula, No. 11-2045, 2013 WL 876689 at * 6 (D.S.C. Mar. 8, 2013)[Argument not raised in PCR appeal is procedurally barred]; Whiteley v. Warden, Wyo. State Penitentiary, 401 U.S. 560, 562 n.3 (1971)[Discussing lower court's finding that failure to appeal denial of his state post-conviction petition constituted non-exhaustion of remedies]; Wicker v. State, 425 S.E.2d 25, 26 (S.C. 1992).

## II.

Because Petitioner did not properly raise and preserve these issues in his APCR and state court proceedings, they are barred from further state collateral review; Whiteley v. Warden, Wyo. State Penitentiary, 401 U.S. 560, 562 n. 3 (1971); Wicker v. State, 425 S.E.2d 25 (S.C. 1992); Ingram v. State of S.C., No. 97-7557, 1998 WL 726757 at **1 (4th Cir. Oct. 16, 1998); Josey v.

---

[7](...continued)
the trick.](quoting Townes v. Murray, 68 F.3d 840, 846 (4th Cir. 1995)(quoting Mallory v. Smith, 27 F.3d 991, 995 (4th Cir. 1994)).



Rushton, No. 00-547, 2001 WL 34085199 at * 2 (D.S.C. March 15, 2001); Aice v. State, 409 S.E.2d 392, 393 (S.C. 1991)[post-conviction relief]; and as there are no current state remedies for Petitioner to pursue these issues, they are fully exhausted.  Coleman v. Thompson, 501 U.S. 722, 735, n.1 (1991); Teague v. Lane, 489 U.S. 288, 297-298 (1989); George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996) ["A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally defaulted under state law if the petitioner attempted to raise it at this juncture."], cert. denied, 117 S.Ct. 854 (1997); Aice, 409 S.E.2d at 393; Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997) ["To satisfy the exhaustion requirement, a habeas Petitioner must fairly present his claim[s] to the state's highest court . . . the exhaustion requirement for claims not fairly presented to the state's highest court is technically met when exhaustion is unconditionally waived by the state...or when a state procedural rule would bar consideration if the claim[s] [were] later presented to the state court."], cert. denied, 522 U.S. 833 (1997); Ingram, 1998 WL 726757 at **1.

However, even though exhausted, because these issues were not *properly* pursued and exhausted by the Petitioner in the state court, federal habeas review of these claims is now precluded absent a showing of cause and prejudice, or actual innocence.  Martinez v. Ryan, 565 U.S. ___, ___, 132 S.Ct. 1309, 1316 (2012); Wainwright v. Sykes, 433 U.S. 72 (1977); Waye v. Murray, 884 F.2d 765, 766 (4th Cir. 1989), cert. denied, 492 U.S. 936 (1989).

> In all cases in which a State prisoner has defaulted his Federal claims in State court pursuant to an independent and adequate State procedural rule, Federal Habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of Federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.



8

<u>Coleman</u>, 501 U.S. at 750.

Petitioner appears to argue in his memorandum in opposition that, to the extent his claims are procedurally defaulted (he refers to "due process" ones), he should still be allowed to pursue them because any default is due to ineffective assistance of his PCR counsel. Specifically, PCR counsel's failure to file a Rule 59(e) motion to preserve the issues on appeal.

The United States Supreme Court has held that "if the procedural default is the result of ineffective assistance of counsel, the Sixth Amendment itself requires that responsibility for the default be imputed to the State . . . Ineffective assistance of counsel, then, is cause for procedural default." <u>Murray</u>, 477 U.S. at 488; <u>see also</u> <u>Coleman v. Thompson</u>, <u>supra</u>; <u>McCleskey v. Zant</u>, 499 U.S. 467, 494 (1991); <u>Noble v. Barnett</u>, 24 F.3d 582, 586, n.4 (4th Cir. 1994)("[C]onstitutionally ineffective assistance of counsel is cause <u>per se</u> in the procedural default context"); <u>Smith v. Dixon</u>, 14 F.3d 956, 973 (4th Cir. 1994)(en banc). Even so, while ineffective assistance of counsel can constitute "cause" for a procedural default, it will only constitute "cause" if it amounts to an independent violation; <u>Ortiz v. Stewart</u>, 149 F.3d 923, 932 (9th Cir. 1998); <u>Bonin v. Calderon</u>, 77 F.3d 1155, 1159 (9th Cir. 1996); and this Court has previously held that ineffective assistance of *PCR counsel* (as opposed to trial or direct appeal counsel) does not amount to an independent constitutional violation, and is not therefore "cause" for a procedural default. <u>Murray v. Giarratano</u>, 492 U.S. 1-7, 13 (1989) [O'Connor, J., <u>concurring</u>] [ "[T]here is nothing in the Constitution or the precedents of [the Supreme] Court that requires a State provide counsel in postconviction proceedings. A postconviction proceeding is not part of the criminal process itself, but is instead a civil action designed to overturn a presumptively valid criminal judgment. Nothing in the Constitution requires the State to provide such proceedings,...nor does...the Constitution require [ ]



the States to follow any particular federal model in those proceedings."]; <u>Mackall v. Angelone</u>, 131 F.3d 442, 447-449 (4th Cir. 1997); <u>Ortiz</u>, 149 F.3d at 932; <u>Pollard v. Delo</u>, 28 F.3d 887, 888 (8th Cir. 1994); <u>Lamp v. State of Iowa</u>, 122 F.3d 1100, 1104-1105 (8th Cir. 1997); <u>Parkhurst v. Shillinger</u>, 128 F.3d 1366, 1371 (10th Cir. 1997); <u>Williams v. Chrans</u>, 945 F.2d 926, 932  (7th Cir. 1992); <u>Gilliam v. Simms</u>, No. 97-14, 1998 WL 17041 at *6 (4th Cir. Jan. 13, 1998).

However, the Supreme Court recently held that its 2012 <u>Martinez</u> decision provided

> that a "narrow exception" should "modify the unqualified statement in <u>Coleman</u> that an attorney's ignorance or inadvertence in a postconviction proceeding does not qualify as cause to excuse a procedural default." <u>Martinez</u>, 566 U.S. at __, 132 S.Ct. at 1315. [F]or three reasons.  First, the "right to the effective assistance of counsel at trial is a bedrock principle in our justice system . . . . Indeed, the right to counsel is the foundation for our adversary system." <u>Id.</u> at ___, 132 S.Ct. at 1317.

> Second, ineffective assistance of counsel on *direct appellate review* could amount to "cause", excusing a defendant's failure to raise (and thus procedurally defaulting) a constitutional claim. <u>Id.</u> at ___, 132 S.Ct. at 1316, 1317.  But States often have good reasons for initially reviewing claims of ineffective assistance of trial counsel during state collateral proceedings rather than on direct appellate review.  <u>Id.</u> at ___, 132 S.Ct. at 1317-1318.  That is because review of such a claim normally requires a different attorney, because it often "depend[s] on evidence outside the trial record," and because efforts to expand the record on direct appeal may run afoul of "[a]bbreviated deadlines," depriving the new attorney of "adequate time . . . to investigate the ineffective-assistance claim." <u>Id.</u> at ___, 132 S.Ct. at 1318.

> Third, where the State consequently channels initial review of this constitutional claim to collateral proceedings, a lawyer's failure to raise an ineffective assistance of counsel claim during initial-review collateral proceedings, could (were <u>Coleman</u> read broadly) deprive a defendant of any review of that claim at all.  <u>Martinez</u>, <u>supra</u> at ___, 132 S.Ct. at 1316.

> We consequently read <u>Coleman</u> as containing an exception, allowing a federal habeas court to find "cause," thereby excusing a defendant's procedural default, where (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law *requires* that an "ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding." <u>Martinez</u>, <u>supra</u> at



___, 132 S.Ct. at 1318-1319, 1320-1321.

Trevino v. Thaler, 133 S.Ct. 1911, 1917-1918 (2013); see also Gray v. Pearson, No. 12-5, ___ Fed. Appx. ___, 2013 WL 2451083 at * 2 (4th Cir. June 7, 2013)["The Supreme Court had previously held in Coleman that because a habeas petitioner has no constitutional right to counsel in state post-conviction proceedings, the ineffectiveness of post-conviction counsel *cannot* establish "cause" to excuse a procedural default." Coleman, 501 U.S. at 757. The Court established an exception to that rule in Martinez."].

Therefore, because, under South Carolina law, a claim of ineffective assistance of trial counsel is raised in an APCR; cf. State v. Felder, 351 S.E.2d 852 (S.C. 1986); Bryant v. Reynolds, No. 12-1731, 2013 WL 4511242, at * 19 (D.S.C. Aug. 23, 2013); Gray, 2013 WL 2451083, at * 4, fn *; Petitioner's claim of ineffective assistance of PCR counsel as "cause"for his default has been considered hereinbelow under the revised standard of Martinez and Trevino with regard to Ground One subparts 2 and 3.

## III.

Prior to discussion of subparts 2 and 3 of Ground One, however, the Court notes that the remaining two claims at issue (Ground One subpart 1 and Ground Two) cannot constitute cause under Martinez. With regard to Ground One subpart 1, that issue involves ineffective assistance of PCR *appellate counsel*, and ineffective assistance of PCR appellate counsel is not cause for a default. Cross v. Stevenson, No. 11-2874, 2013 WL 1207067 at * 3 (D.S.C. Mar. 25, 2013)["*Martinez*, however, does not hold that the ineffective assistance of counsel in a PCR appeal establishes cause for a procedural default. In fact, the Supreme Court expressly noted that its holding 'does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral



11

proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts."](quoting Martinez, 132 S.Ct. at 1320); Johnson v. Warden of Broad River Corr., No. 12-7270, 2013 WL 856731 at * 1 (4th Cir. Mar. 8, 2013)[PCR appellate counsel error cannot constitute cause under Martinez exception]; Johnson v. Cartledge, No. 12-1536, 2014WL 1159591 at *10 (D.S.C. Mar. 21, 2014)(same); Lewis v. Williams, No. 12-3214, 2013 WL 3929993 at *4 (C.D.Ill. July 29, 2013)[Ineffective assistance of PCR appellate counsel is not a ground for relief under § 2254]; Flowers v. Norris, No. 07-197, 2008 WL 5401675 at * 11 (E.D.Ark. Dec. 23, 2008)[same].

As for Ground Two, this issue does not involve an ineffective assistance of counsel claim. Therefore, a Martinez analysis is not applicable this issue, and Petitioner has no claim for "cause" for the default of this issue.

## IV.

The remaining issues to address under a procedural bar analysis are Ground One subparts 2 and 3. Under the first requirement of the Martinez exception, the Petitioner must "demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the [petitioner] must demonstrate that the claim has some merit." Gray, 2013 WL 2451083 at * 2. Therefore, Petitioner must show that his PCR counsel's representation was objectively unreasonable during his post-conviction proceeding and that, but for his errors, there is a reasonable probability that Petitioner would have received relief on a claim of ineffective assistance of trial counsel in the state post-conviction matter. Ford v. McCall, No. 12-2266, 2013 WL 4434389 at *11 (D.S.C. Aug. 14, 2013)(citing Horonzy v. Smith, No. 11-234, 2013 WL 3776372 at * 6



(D.Idaho Sept. 12, 2012)["The application of the <u>Strickland</u>[8] test in this instance means that Petitioner is required to show that counsel's representation during the post-conviction proceeding was objectively unreasonable, and that, but for his errors, there is a reasonable probability that Petitioner would have received relief on a claim of ineffective assistance of trial counsel in the state post-conviction matter. This standard is a high one."]. Petitioner has failed to show entitlement to relief under this standard.

First, Petitioner does not even address the cause issue with regard to his PCR counsel's failure to raise Ground One subpart 3 in his PCR proceedings. Rather, in his memorandum in opposition, he only takes issue with PCR counsel's failure to file a Rule 59 motion to preserve issues that were allegedly raised in his PCR proceedings, but not addressed in the Court's order. In any event, Petitioner has failed to show that his PCR counsel's representation was objectively unreasonable and that there is a reasonable probability that he would have received relief on either of these defaulted claims if they had been asserted in his state APCR.

With regard to Petitioner's second claim in Ground One, he contends that his counsel was ineffective for counseling him to plead guilty despite the lack of evidence. This issue was raised in Petitioner's APCR (along with the issue of involuntary guilty plea), where Petitioner had the burden of proving the allegations in his petition. <u>Butler v. State</u>, 334 S.E.2d 813, 814 (S.C. 1985), <u>cert. denied</u>, 474 U.S. 1094 (1986). The PCR court rejected these claims, making relevant findings of fact and conclusions of law in accordance with S.C.Code Ann. § 17-27-80 (1976), as amended.

---

[8]<u>Strickland v. Washington</u>, 466 U.S. 668 (1984).



See Crowe v. South Carolina, No. 09-CP-37-1504.[9]

Specifically, the PCR judge found that: 1) counsel's testimony that he fully advised Petitioner regarding the State's evidence in the cases and that Petitioner made an informed and voluntary choice to enter a guilty plea was credible, while Petitioner's testimony on the issue was not credible; 2) this finding was supported by a review of the transcript of the guilty plea proceeding; 3) that based on the lengthy procedural history of this case, and the initial outcome against Petitioner in the original trial, it was highly unlikely that either Petitioner or counsel would have been unaware of all the evidence in these cases; 4) counsel represented Petitioner for a lengthy period of time and, at a minimum, was prepared to take at least one of the cases to trial; 5) as such, it was highly unlikely that counsel failed to investigate the cases; 6) further, this finding was supported by the State's and counsel's statements regarding the cases in the transcript of the guilty plea; 7) Petitioner was unable to prove ineffective assistance of counsel or resulting prejudice; 8) Petitioner's plea was freely and voluntarily entered after being fully advised of the charges he was facing, the state's evidence against him, and the rights he would give up in order to enter the plea; 9) Petitioner indicated that he wished to waive his rights and plead guilty; 10) Petitioner stated he was satisfied with his attorney; and 11) counsel gave a statement to the Court about the procedural history and how the parties had come to appear before the plea Court, and these facts matched counsel's testimony at the PCR hearing. (R.pp. 90-92).

Substantial deference is to be given to the state court's findings of fact. Evans v.

_____

[9]Although Ground One subpart three was not raised as an ineffective assistance of counsel claim in Petitioner's PCR proceedings, some of the PCR court's factual findings have a bearing on the claim that Petitioner now belatedly attempts to raise, so they have also been included in the discussion hereinabove.



<u>Smith</u>, 220 F.3d 306, 311-312 (4th Cir. 2000), <u>cert.</u> <u>denied</u>, 532 U.S. 925 (2001) ["We . . . accord state court factual findings a presumption of correctness that can be rebutted only by clear and convincing evidence], <u>cert.</u> <u>denied</u>, 532 U.S. 925 (2001); <u>Bell v. Jarvis</u>, 236 F.3d 149 (4th Cir. 2000)(en banc), <u>cert.</u> <u>denied</u>, 112 S.Ct. 74 (2001).

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1). <u>See</u> <u>also</u> <u>Fisher v. Lee</u>, 215 F.3d 438, 446 (4th Cir. 2000), <u>cert.</u> <u>denied</u>, 531 U.S. 1095 (2001); <u>Frye v. Lee</u>, 235 F.3d 897, 900 (4th Cir. 2000), <u>cert.</u> <u>denied</u>, 533 U.S. 960 (2001). However, although the state court findings as to historical facts are presumed correct under 28 U.S.C. § 2254(e)(1), where the ultimate issue is a mixed question of law and fact, as is the issue of ineffective assistance of counsel, a federal court must reach an independent conclusion. <u>Strickland</u>, 466 U.S. at 698; <u>Pruett v. Thompson</u>, 996 F.2d. 1560, 1568 (4th Cir. 1993), <u>cert.</u> <u>denied</u>, 114 S.Ct. 487 (1993) (citing <u>Clozza v. Murray</u>, 913 F.2d. 1092, 1100 (4th Cir. 1990), <u>cert.</u> <u>denied</u>, 499 U.S. 913 (1991)).

Nevertheless, with regard to Petitioner's ineffective assistance of counsel claims that were adjudicated on the merits by the South Carolina state court, this Court's review is limited by the deferential standard of review set forth in 28 U.S.C. §2254(d), as interpreted by the Supreme Court in <u>Williams v. Taylor</u>, 120 S.Ct. 1495 (2000). <u>Bell v. Jarvis</u>, <u>supra</u>; <u>see also</u> <u>Evans</u>, 220 F.3d at 312 [Under § 2254(d)(1) and (2), federal habeas relief will be granted with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States", or "resulted in a decision that was



based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding"].  Therefore, this Court must be mindful of this deferential standard of review in considering any ineffective assistance of counsel claim that was arguably raised and properly exhausted in state court, as well any factual findings related to a claim which was  not properly presented in state court proceedings but may possibly be considered under Martinez and Trevino.

        Where allegations of ineffective assistance of counsel are made, the question becomes "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 694.  In Strickland, the Supreme Court articulated a two prong test to use in determining whether counsel was constitutionally ineffective.  First, the Petitioner must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment.  Second, the Petitioner must show that counsel's deficient performance prejudiced the defense such that the Petitioner was deprived of a fair trial.  Further, where a guilty plea is involved, in order to show prejudice a Defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52 (1985).

        Petitioner contends that his counsel was ineffective for counseling him to plead guilty despite the lack of evidence.  Petitioner also contends that his trial counsel was ineffective for failing to reduce to writing and enforce his negotiated plea with regard to the release of his uncle from prison and the return of a confiscated gun.  However, after careful review of the record and the arguments presented, the undersigned finds and concludes for the reasons set forth hereinbelow that Petitioner has failed to meet his burden of showing that trial counsel was ineffective under the standard of



Strickland and Hill. Smith v. North Carolina, 528 F.2d 807, 809 (4th Cir. 1975) [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus]. Accordingly, with regard to these procedurally defaulted claims, Petitioner has failed to show any substantial claim in order to overcome his procedural bar. Gray, 2013 WL 2451083 at * 2.

Petitioner's counsel Tavernier testified at the PCR hearing that he was appointed to represent the Petitioner on both charges in 2004, and that although the Solicitor initially told him to prepare for a certain one of the trials, at the time of trial the Solicitor called the other case, and that he was not prepared to try that case and the transcript reflected he was unprepared for that case. (R.p. 52). Tavernier told the Petitioner to file an APCR, as a result of which Petitioner was granted relief. (R.pp. 52-53). Tavernier also testified that the Solicitor had served a notice of death penalty, but that when it came time to retry the cases (after the PCR court had reversed the verdict in the Davis case), both of the alleged witnesses in the first case had died while the evidence in the second case was circumstantial. (R.pp. 53-55). Counsel also testified that although they were requesting the Department of Corrections to consider releasing Petitioner's uncle based on Petitioner's plea and Petitioner agreeing to provide information concerning a missing individual, that they had no control over "what the Department of Corrections would do." (R.pp. 56-57). See also (R.p. 60).[10] Petitioner's counsel also testified that Petitioner wanted a certain gun returned to his family, but that when counsel inquired, the gun had been destroyed, following which he took steps to determine the fair market value in order to attempt to have Petitioner reimbursed for its value. (R.pp. 56-57).

On cross examination, counsel testified that there was concern about which case would be called first because it would affect whether or not Petitioner would want to testify, that they

---

[10]It is undisputed that Petitioner's uncle was not released. (R.p. 57).



had over three (3) years to discuss the case, and that having the death penalty on the table "heightened" things. (R.p. 60). While counsel opined that there was a good possibility of getting voluntary manslaughter out of the Davis case, he still believed that the Judge would not give Petitioner less than thirty (30) years. (R.p. 60). Counsel then testified that the release of Petitioner's uncle was not an absolute contingency and was not the only reason that Petitioner pled. Rather, they were just trying to put everything that they could on the table for consideration. (R.p. 60). Counsel affirmed that "[n]o, no. Like I said from the start, we had no control, over what the Department of Corrections would do." (R.p. 61). Counsel testified that after looking at all of the options, they felt like the plea was the best deal, and when asked whether Petitioner was pressured or forced in any way, counsel testified that "[n]obody pressured [Petitioner] to do anything. That's why we went to trial the first time. So, no. We had a good argument and I agreed with him in the first case when they wanted to do Lester Cobb, that it was a very defensible, triable case." (R.p. 62). There is nothing to evidence any ineffective assistance of counsel in this testimony.

The record also reflects that the plea Court discussed the charges and possible sentences directly with the Petitioner at his plea, following which Petitioner testified that he still wished to plead guilty. Petitioner also testified that he understood the rights that he was waiving to a jury trial, to call witnesses on his own behalf, to confront witnesses, that his lawyer had done everything that he asked him to do, that he had no complaints against him, that he told his lawyer everything that he needed to in connection with the cases, that he was satisfied with his counsel and that his counsel had not failed to do anything that he needed his counsel to do in order to help with the cases, that it was his decision to plead guilty, that he was guilty, and that all his answers were truthful. (R.pp. 3-10). Cf. Pittman v. South Carolina, 524 S.E.2d 623, 625 (S.C. 1999) ["A



defendant's knowing and voluntary waiver of the constitutional rights which accompany a guilty plea 'may be accomplished by colloquy between the Court and the defendant, between the Court and defendant's counsel, or both."] (citing <u>State v. Ray</u>, 427 S.E.2d 171, 174 (S.C. 1993)); <u>see also</u> <u>State v. Lambert</u>, 225 S.E.2d 340 (1976)); <u>Roddy v. South Carolina</u>, 528 S.E.2d 418, 421 (S.C. 2000). <u>See Sargent v. Waters</u>, 71 F.3d 158, 160 (1995)["The [United States] Supreme Court has . . . held that while 'the governing standard as to whether a plea of guilty is voluntary for purposes of the Federal Constitution is a question of federal law, and not a question of fact subject to the requirements of 28 U.S.C. § 2254(d),' the historical facts underlying such pleas are entitled to deference under the statute."](quoting <u>Marshall v. Lonberger</u>, 459 U.S. 422, 431-432 (1983)).

While, at his PCR hearing, Petitioner argued that he was not properly represented, that he was under the impression that if he pled guilty they would release his uncle from jail and that he would get his confiscated gun returned, and that his counsel was ineffective for failing to tell him how weak the State's case against him was and for advising him to plead guilty; (R.pp. 71-72); the PCR court did not find Petitioner's testimony to be credible.  Rather, the PCR judge found counsel's testimony credible and that Petitioner failed to show that his counsel had not investigated his case. Petitioner produced no evidence in his PCR proceedings to show what additional evidence he could have used at trial if his counsel had made any additional investigations; <u>Bassette v. Thompson</u>, 915 F.2d 932, 939, 941 (4th Cir.1990), [Petitioner not entitled to relief where he fails to provide evidence of what an additional investigation would have revealed], <u>cert. denied</u>, 499 U.S. 982 (1991); while with regard to the written agreement allegation, Petitioner's counsel testified that the two conditions cited by the Plaintiff could not have been mandatory and that it was clearly explained to Petitioner that they were not mandatory.  (R.pp. 56-57, 61).



19

There is no basis in this record to overturn the findings of the State Court or to find that either of Petitioner's procedurally barred claims present any substantial claim which would have provided Petitioner relief if they had been properly raised in his PCR proceedings. Smith, 528 F.2d at 809 [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus]. Specifically, Petitioner has not provided the Court with any evidence that he did not intend to plead guilty to the charges, under oath to the presiding judge, without objection in open court. While Petitioner contends that he only went forward with the plea because his counsel failed to inform him of how weak the case was, criminal defendants often make the decision to plead guilty based on a likelihood of conviction at trial, and although Petitioner now claims that his plea was involuntary based on coercion and not being advised about the lack of evidence, "[r]epresentations of the Defendant, his lawyer and the prosecutor at [arraignment], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings...The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Further, statements of the accused that facially demonstrate the plea's validity are conclusive absent compelling reasons why they should not be, such as ineffective assistance of counsel. Via v. Superintendent, Powhatan Correctional Center, 643 F.2d. 167, 171 (4th Cir. 1981).

Petitioner has failed to show any reversible error by the state court, or that his counsel was ineffective on these claims. Evans, 220 F.3d at 312 [Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court



proceeding]; Williams v. Taylor, 529 U.S. 362 (2000);  Bell, 236 F.3d at 157-158; 28 U.S.C. § 2254(e)(1) [Determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence]; Sargent, 71 F.3d at  160 [historical facts underlying guilty pleas are entitled to deference]; see Boykin v. Alabama, 395 U.S. 238 (1969); Smith, 528 F.2d at 809 [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus.]. Additionally, by failing to show any substantial ineffective assistance on these claims, Petitioner has failed to show cause for his procedural default on these issues.  Accordingly, subparts one and three in Ground One are procedurally barred from consideration by this Court.  Rodriguez v. Young, 906 F.2d 1153, 1159 (7th Cir. 1990), cert. denied, 498 U.S. 1035 (1991) ["Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."].

## V.

Finally, Petitioner also somewhat argues that he is entitled to relief because he is actually innocent.  However, cognizable claims of "actual innocence" are extremely rare and must be based on "factual innocence not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998); see also Doe v. Menefee, 391 F.3d 147 (2d Cir. 2004).  Petitioner has failed to present any new, reliable evidence of any type that was not presented in any of his prior court proceedings which supports his innocence on the criminal charges to which he pled guilty.  (R.pp. 7-8). See Schlup v. Delo, 513 U.S. 298, 324 (1995)[to present a credible claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial."]; Doe, 391 F.3d at 161 (quoting Schlup for the evidentiary standard required for a court to consider an actual innocence claim).  Further, Petitioner has also failed to



make any showing that a fundamental miscarriage of justice will occur if these claims are not considered. Wainwright v. Sykes, supra; Murray v. Carrier, 477 U.S. 478 (1986); Rodriguez, 906 F.2d at 1159 [a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent"](citing Murray v. Carrier, 477 U.S. at 496); Sawyer v. Whitley, 505 U.S. 333, 348 (1992); Bolender v. Singletary, 898 F.Supp. 876, 881 (S.D.Fla. 1995).

Therefore, these claims are procedurally barred from consideration by this Court, and must be dismissed. Id.; see 28 U.S.C. § 2254; see also discussion, supra.

### Conclusion

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, and that this petition be **dismissed**.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

June 4, 2014
Charleston, South Carolina

22



### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

